CLARENCE B. CONGER, INDIVIDUALLY AND AS TRUSTEE, ETC., OF CATHARINE ANN HEDGES AND OTHERS, APPELLANTS, *v.* THE NEW YORK, WEST SHORE AND BUFFALO RAILROAD COMPANY, RESPONDENT.

*Specific performance of a contract, entered into by a railroad company to make a station at a certain place — will be refused when a change of circumstances makes it more onerous to the party required to perform, without any great benefit to the other party.*

APPEAL from a judgment entered upon the trial of this action by the court without a jury refusing to enforce the specific performance of a contract.

The Court at General Term said: "The Jersey City and Albany Railway Company was one of the lesser corporations which was

finally consolidated as the New York, West Shore and Buffalo Railway Company. The plaintiff's predecessor in title, Catharine Ann Hedges, owned land in Rockland county and the Jersey City and Albany Railway Company laid out its route through the same. An agreement was made by which the owner of the land agreed to give the right of way and, among other conditions. the Company agreed to make a station at the place known in the case as the 'Long Clove.'

"Before the road was built the final consolidation was made and the defendant changed the route through the Hedges land and built their route upon the changed line and did not make a station at Long Clove. The change of route was not so marked but that the defendant took the bulk of the land agreed to be given to the Jersey City and Albany Railroad Company, and still it was so wide and substantial as to change the situation of the parties in respect to the station at Long Clove. The first route went around the high peak of land south of Haverstraw under which the defendants constructed a tunnel. The place of the station under this arrangement would be north of the tunnel, and near its mouth and upon a sharp curve. The grade is heavy in both directions; the place of the station is almost if not entirely wild, and the station would be costly to build and maintain and would not benefit the land owner, so far as disclosed by the evidence. The public service would be injured and there would be no corresponding benefit to the public from a station at the point in question.

"Under this evidence it is not a matter of right to ask a specific performance of a contract. When a contract was fair when made, if subsequent events change the conditions so as to make the same onerous, and without any great benefit to the party who asks the decree for specific performance, the same should be denied. (*Trustee of Columbia College* v. *Thacher*, 87 N. Y. 311; *Clarke* v. *Rochester*, etc., *R. R. Co.*, 18 Barb. 350.) No real injustice is done. The party can have his action for damages and the judgment reserved this right.

"The judgment should be affirmed, with costs."

*Clarence R. Conger*, for the appellants.

*Ashbel Green* and *C. Frost*, for the respondent.

Opinion by BARNARD, P. J.; PRATT, J., concurred.

Judgment affirmed, with costs.